# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DESHAUN FARMER,<br><br>  Petitioner,<br><br>  v.<br><br>J. SOTO,<br><br>  Respondent. | Case No. 1:16-cv-00096-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED AS UNAUTHORIZED SUCCESSIVE PETITION |

Petitioner Allen Deshaun Farmer is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 13, 2016, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California. (ECF No. 1). The matter was then transferred to this district. (ECF No. 4). Petitioner has consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF No. 8).

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner

can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his 1998 convictions in the Madera County Superior Court for murder and three counts of attempted robbery on various due process and ineffective assistance of counsel grounds. (ECF No. 1). Upon review of the Court's dockets, it appears that Petitioner has previously sought federal habeas relief with respect to the same convictions in Farmer v. Kirkland, No. 1:05-cv-01253-OWW-DLB.[1] This previous petition was denied on the merits on January 8, 2010. Petitioner appealed the denial to the Ninth Circuit Court of Appeals, and the Ninth Circuit denied the request for a certificate of appealability on November 30, 2011. Order, Farmer v. Kirkland, No. 10-15252 (9th Cir. Nov. 30, 2011).

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file the instant petition. If Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S.

---

[1] The Court takes judicial notice of the docket and documents filed in Farmer v. Kirkland, No. 1:05-cv-01253-OWW-DLB. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that under Federal Rule of Evidence 201, a court may take judicial notice of its own records in other cases).

at 157. Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE within **THIRTY (30) days** of the date of service of this order why the petition should not be dismissed. In Petitioner's response, Petitioner must tell the Court (1) whether he is challenging the same convictions which were challenged previously in <u>Farmer v. Kirkland</u>, No. 1:05-cv-01253-OWW-DLB, and if so, (2) whether he has obtained authorization from the Ninth Circuit Court of Appeals to file the instant petition for writ of habeas corpus.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **February 17, 2016**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3