# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DESHAUN FARMER, | Case No. 1:16-cv-00096-EPG-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J. SOTO, | |
| Respondent. | |

Petitioner Allen Deshaun Farmer is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his 1998 convictions in the Madera County Superior Court for murder and three counts of attempted robbery on various due process and ineffective assistance of counsel grounds. As Petitioner has previously sought federal habeas relief with respect to the challenged convictions, the Court finds that dismissal of the petition is warranted pursuant to 28 U.S.C. § 2244(b) because it is an unauthorized successive petition.

## I.

## BACKGROUND

On January 13, 2016, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California. (ECF No. 1). The matter was then transferred to this district. (ECF No. 4). On February 17, 2016, the Court ordered Petitioner to show cause why the instant

petition should not be dismissed as an unauthorized successive petition. (ECF No. 9). On April 20, 2016, the Court received Petitioner's response to the order to show cause. (ECF No. 13). Petitioner has consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF No. 8).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his 1998 convictions in the Madera County Superior Court for murder and three counts of attempted robbery. (ECF No. 1). Petitioner

1  previously sought federal habeas relief in this Court with respect to the same convictions in

2  Farmer v. Kirkland, No. 1:05-cv-01253-OWW-DLB.[1] This previous petition was denied on the

3  merits on January 8, 2010. Petitioner appealed the denial to the Ninth Circuit Court of Appeals,

4  and the Ninth Circuit denied the request for a certificate of appealability on November 30, 2011.

5  Order, Farmer v. Kirkland, No. 10-15252 (9th Cir. Nov. 30, 2011).

6       The Court finds that the instant petition is "second or successive" under 28 U.S.C.

7  § 2244(b). In his response to the order to show cause, Petitioner does not dispute that he

8  previously sought federal habeas relief with respect his 1998 convictions in the Madera County

9  Superior Court for murder and three counts of attempted robbery. In fact, Petitioner attaches as

10  exhibits a court order and a copy of the docket sheet from the previous federal habeas

11  proceeding. (ECF No. 13 at 29–30, 34–35).[2] Further, in his response, Petitioner makes no

12  showing that he has obtained prior leave from the Ninth Circuit Court of Appeals to file the

13  instant petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed

14  application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S.

15  at 157.

16       Having found that petitioner is not entitled to habeas relief, the Court now turns to

17  whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas

18  corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal

19  is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

20  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C.

21  § 2253, which provides as follows:

22          (a) In a habeas corpus proceeding or a proceeding under section
            2255 before a district judge, the final order shall be subject to
23          review, on appeal, by the court of appeals for the circuit in which
            the proceeding is held.
24
            (b) There shall be no right of appeal from a final order in a
25          proceeding to test the validity of a warrant to remove to another
            district or place for commitment or trial a person charged with a
26          criminal offense against the United States, or to test the validity of

27  _____
    [1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119
    (9th Cir. 1980).
28  [2] Page numbers refer to the ECF page numbers stamped at the top of the page.

such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

///

///

///

///

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to CLOSE the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 28, 2016**                    /s/ _Erica P. Groji_
                                    UNITED STATES MAGISTRATE JUDGE